IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEREK DEGROOT,

                Plaintiff,                          ORDER

v.

                                       20-cv -657-wmc

KEVIN CARR, MARIO CANZIANI, and
HSU MANAGER MS. BARKER,

                Defendants.

Plaintiff Derek DeGroot has filed a proposed amended complaint and supplement to his complaint, which the court construes as motions to amend his complaint. (Dkt. ##12, 18.) At this stage, Fed. R. Civ. P. 15(a) does not require plaintiff to seek leave of court to amend his complaint, so these motions will be granted. The court will consider plaintiff's proposed amended complaint and supplement together for purposes of screening under 28 U.S.C. § 1915A. Going forward, if plaintiff wishes to amend his complaint, he is advised that the proper course of action is to file a proposed amended complaint along with his motion, so if his request to amend is granted, that document will serve as the operative complaint in this lawsuit.

Plaintiff more recently filed two motions for a preliminary injunction, raising a concern that prison officials may limit his ability to help other prisoners with their legal matters. (Dkt. ##20, 21.) However, plaintiff has failed to follow this court's procedures for motions for injunctive relief, and, regardless, his assertions do not meet the prima facie requirements for a preliminary injunction. *See Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007) (in seeking a preliminary injunction, plaintiff must show (1) a likelihood of success

on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted). Most critically, plaintiff is seeking an injunction related to his ability to assist other prisoners in their legal matters, but "inmates do not have a constitutional right to provide legal assistance to other prisoners." *Perotti v. Quinones*, 488 F. Appx 141, 146 (7th Cir. 2012) (citing *Shaw v. Murphy*, 532 U.S. 223, 231 (2001)). Accordingly, the court is denying these motions. The denial will be without prejudice to plaintiff's ability to renew a request for injunctive relief, provided that he (1) follows the court's procedures (a copy of which will be sent to him along with this order), and (2) submits proposed findings of fact supporting a finding that prison officials are preventing plaintiff from pursuing *his own* access to the court.

ORDER

IT IS ORDERED that:

1) Plaintiff Derek DeGroot's motions to amend and supplement (dkt. ##12, 18) are GRANTED.

2) Plaintiff's motions for a preliminary injunction (dkt. ##20, 21) are DENIED WITHOUT PREJUDICE.

3) The clerk of court is directed to send a copy of this court's procedures for motions for injunctive relief along with this order.

Entered this 28th day of September, 2021.

BY THE COURT

/s/

_____
WILLIAM M. CONLEY
District Judge